JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00316-SVW-DTB | Date | March 30, 2017 |
|---|---|---|---|
| Title | *Brittney Kevett v. Michael P. Graf, d/b/a Quiznos, et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO STATE COURT [8]

## I. INTRODUCTION

Plaintiff Brittney Kevett ("Plaintiff") was an employee at a fast-food restaurant owned and operated by Michael P. Graf, doing business as Quiznos ("Graf") and Does 1 through 20 inclusive (collectively "Defendants"). Dkt. 13-2, p. 1. Plaintiff filed various claims in the Superior Court of the State of California for the County of Riverside for Defendants' alleged violations under California Labor Code and California Business and Professions Code. Dkt. 13-2, p. 5-10. Graf removed the action to this Court under 28 U.S.C. § 1441(a), arguing that the federal Fair Labor Standards Act ("FLSA") preempts Plaintiff's state law claims. Dkt. 2, p. 2. Graf then filed a Motion to Dismiss, which is presently before the Court. Dkt. 8.[1]

## II. FACTUAL BACKGROUND

On May 27, 2016, Plaintiff filed a complaint for damages against Defendants in the Superior Court of the State of California for the County of Riverside. Dkt. 13-2, p. 1. Defendants own and operate a fast-food business called Quiznos located in Riverside, California. Dkt. 13-2, p.1. Plaintiff was an

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter suitable for determination without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for April 3, 2017, at 1:30 p.m. is VACATED and OFF CALENDAR.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | AB for PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00316-SVW-DTB | Date | March 30, 2017 |
|---|---|---|---|
| Title | *Brittney Kevett v. Michael P. Graf, d/b/a Quiznos, et al.* | | |

employee of Defendants. Dkt. 13-2, p. 2. Plaintiff alleges she was a non-exempt employee required to work off-the-clock, that she was not compensated for all hours worked, that Defendants deducted wages if she forgot to clock in or clock out, that she was not permitted to take her full meal periods for shifts over five hours long nor did she receive compensation for missed meal periods, and that she did not receive a final paycheck for the full amount due to her after quitting her job at Quiznos. Dkt. 13-2, p. 3. Plaintiff's complaint includes claims under the California Labor Code and California Business and Professions Code for (1) failure to pay minimum wage, (2) failure to provide meal periods or compensation in lieu therefore, (3) failure to provide rest periods or compensation in lieu thereof, (4) failure to provide accurate wage statements, (5) waiting time penalties, and (6) unfair business practices. Dkt. 13-2, p. 5-10.

On February 21, 2017, Graf filed a Notice of Removal under 28 U.S.C. § 1441(a) from the Superior Court of the State of California for the County of Riverside to the United States District Court of the Central District of California. Dkt. 2. On March 6, 2017, Graf filed a Motion to Dismiss. Dkt. 8. On March 14, 2017, Plaintiff filed an Opposition to Graf's Motion to Dismiss. Dkt. 13. Graf did not file a reply.

### III.   LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "The burden of establishing jurisdiction falls on the party invoking the removal statute . . . which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Further, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Under 28 U.S.C. § 1331, federal question jurisdiction extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 27-28 (1983). If a plaintiff may be entitled to relief for reasons that are "completely unrelated to the provisions and purposes" of the federal law at issue, then the claim does not arise under federal law. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. at 800, 808 (1988).

:

Initials of Preparer

AB for PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00316-SVW-DTB | Date | March 30, 2017 |
|---|---|---|---|
| Title | *Brittney Kevett v. Michael P. Graf, d/b/a Quiznos, et al.* | | |

### IV. ANALYSIS

In Graf's Notice of Removal, Graf argues that Plaintiff could have commenced her action under the FLSA instead of under the California Labor Code and California Business and Professions Code. Dkt. 2, p. 2. He argues that federal laws preempt state laws, and thus the claim arises under federal law and belongs in federal court. Dkt. 2, p. 2. In Graf's Motion to Dismiss, Graf argues that Plaintiff failed to state a claim under the FLSA, and that the federal court does not have subject matter jurisdiction over Plaintiff's remaining claims, thus this Court should grant his Motion to Dismiss. Dkt. 8, p. 3, 5.

Plaintiff responds that her complaint contains viable claims under California law, and that Graf does not explain why FLSA should preempt California law for this case. Dkt. 13, p. 1. Plaintiff further argues that this Court may decline jurisdiction over a case, but may not dismiss the case on that premise. Dkt. 13, p. 6. Plaintiff then says that Graf failed to meet and confer pursuant to Local Rule 7-3, and thus Graf's Motion to Dismiss must be denied. Dkt. 13, p. 1. Lastly, Plaintiff requests leave to amend if Graf's Motion to Dismiss is granted. Dkt. 13, p. 6.

Generally, federal law preempts state law if Congress expressly so states, if Congress enacts comprehensive laws that leave no room for additional state regulation, or if state law actually conflicts with federal law. *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1415 (9th Cir. 1990) (quoting California Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 280 (1987)). However, federal law concerning the regulation of working conditions and wages does not necessarily preempt state law. Rather, the standard most beneficial to employees controls the terms of the employment in California. 29 U.S.C.A. § 218; *Aguilar v. Association for Retarded Citizens*, 234 Cal. App. 3d 21, 34 (1991).

Here, by contrast, the FLSA explicitly permits greater employee protection under state law. *In re United Parcel Service Wage and Hour Cases*, 190 Cal. App. 4th 1001, 1009 (2010); *California Correctional Peace Officers' Ass'n v. State*, 189 Cal. App. 4th 849, 861 (finding the FLSA does not preempt state regulation of wages, hours, and working conditions). In many respects, California law provides broader protection of employee rights than does the FLSA, and because of that, California law controls. *In re United Parcel Service Wage and Hour Cases*, 190 Cal. App. 4th at 1009. Therefore, this Court finds that the FLSA does not preempt state law, that Plaintiff's claims do not arise under federal law, and thus Graf's removal from state court to federal court was improper. Because this Court lacks subject-matter jurisdiction over this action, a remand is necessary so that the state court may properly resume its jurisdiction over the case.

|  | : |
|---|---|
| Initials of Preparer | AB for PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-cv-00316-SVW-DTB | Date | March 30, 2017 |
|---|---|---|---|
| Title | *Brittney Kevett v. Michael P. Graf, d/b/a Quiznos, et al.* | | |

### V. CONCLUSION

For the foregoing reasons, the Court finds that this case does not give rise to federal jurisdiction. All of the Plaintiff's claims are state law causes of action, and there is no diversity between the parties. The Court REMANDS the case to the Superior Court of the State of California for the County of Riverside.

:

Initials of Preparer

AB for PMC